UNITED STATES FEDERAL COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Nicholas Hess, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 3:14-cv-00727-JPG-PMF |
| | ) |
| The Board of Trustees of Southern Illinois University, Chad Trisler, individually and in his official capacity Katherine L. Sermersheim, individually and in her official capacity and Rita Cheng, individually and in her official capacity, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Now Comes the Plaintiff, Nicholas Hess, by and through his attorney, Darrell Dunham, and for his Complaint against Defendants, The Board of Trustees Southern Illinois University, Chad Trisler, Katherine L. Sermersheim, and Rita Cheng, he says:

### INTRODUCTORY PARAGRAPH

1. This is a Complaint wherein the Plaintiff, Nicholas Hess, seeks injunctive relief, compensatory damages, and punitive damages for the Defendants' violation of his right to due process and contractual rights. The due process claim is predicated upon 42 U.S.C. § 1983. The contractual claims are based upon Illinois common-law.

### JURISDICTION AND VENUE

2. Jurisdiction is based on 28 U.S.C. § 1331(federal question) and 28 U.S.C. § 1367 (supplemental) jurisdiction. Jurisdiction in this suit is also conferred in part by 42 U. S. C. §1983, which provides in part:

1

> Every person who, under the color of any statute, ordinance, regulation, custom or usage, of any State or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202. *See also* Fed. R. Civ. P. 65. Attorney's fees are authorized by 42 USC §1988, 29 USC § 794 (b), and 42 USC §12205.

3. Venue is appropriate in the Southern District of Illinois pursuant to 28 U.S. C. § 1391.

## THE PARTIES

4. Plaintiff, Nicholas Hess ("Hess"), on or about August 16 of 2011until December 11, 2013, was a student at Southern Illinois University ("SIU"). On or about December 11, 2013, he was suspended by SIU. On or about February 6, 2014, Hess was expelled from SIU.

5. The Defendant Board of Trustees of Southern Illinois University is a body politic incorporate which is subject to being sued in this court and other courts.

6. The Defendant, Katherine L. Sermersheim, was and is an employee of SIU, and at the time of the events complained of herein was serving as the Interim Dean of Students,

7. The Defendant, Chad Trisler, is and was at all relevant times an employee of SIU, employed as the Director of Student Rights and Responsibilities.

8. The Defendant, Rita Cheng, is and was at all relevant times an employee of SIU, employed as the Chancellor of the University.

## COMMON FACTUAL ALLEGATIONS

9. On or about December 11, 2013, Hess was living off campus as a student at SIU. On

said date, has was notified by agents and employees of SIU to come to the SIU campus at the police facility.

10. On said date, Hess went to the police facility located at the SIU campus wherein he met the Defendant Chad Trisler, ("Trisler").

11. Hess was accompanied to the police facility by his mother, Susan Hess.

12. While at the police facility Hess received a letter signed by Katherine Sermersheim, Interim Dean of Students, which is attached hereto and incorporated herein as Exhibit A.

13. Said letter advised Hess that he was suspended from school for an alleged violation of the law.

14. Said alleged violation allegedly occurred in Williamson County, Illinois.

15. Based upon information sufficient to form a belief, Hess alleges that none of the Defendants herein, including any agent or employee of SIU, conducted any investigation as to the factual basis of any charges that had been leveled against Hess prior to or on December 11, 2013.

16. The suspension as set forth in Exhibit A took effect immediately before Hess was to take his Writing for Mass Communication and Media Ethics final examinations on December 12, 2013, and as a result of said suspension has was prohibited from taking the examinations.

17. As a direct result of the suspension and being barred from taking final examinations, Hess and his mother were informed orally on December 11, 2013, by Defendant Trisler that Hess's grades would be negatively affected by the suspension.

18. On December 11, 2013, Hess and his mother both confronted Trisler and stated that Trisler had prejudged Hess and that it was fundamentally unfair to Hess that he be suspended from school, prohibited from taking his final examinations, and otherwise prohibited from

pursuing his college career without being able to provide his side of the story.

19. Despite Hess's urging and the request of his Hess's mother, Trisler refused to withdraw the letter of suspension.

20. As a result of the meeting of December 11, 2013, based on information sufficient to form a belief, Hess alleges that Trisler developed a bias and enmity toward Hess such that Trisler was incapable of rendering neutral and impartial judgments with regard to Hess.

21. Subsequently on January 21, 2014, a hearing was held at the SIU Campus wherein Trisler presided as the hearing officer.

22. Based on information sufficient to form a belief, after said hearing Trisler recommended that Hess be permanently expelled from SIU.

23. The evidence presented at the hearing was less than substantial evidence and insufficient to justify any disciplinary sanctions against Hess, much less expulsion from SIU.

24. On February 6, 2014, Defendant Rita Cheng ("Cheng") sustained the finding of the hearing conducted by Defendant Trisler and informed Hess that she was adopting the recommendation made after the January 21, 2014, hearing, and that Hess was expelled from SIU with no further appeal. (Exhibit B)

25. At the time of his expulsion, Hess was in his senior year at SIU and was a student with a three point grade average on a four point scale.

26. Hess was damaged by the actions of the Defendants in that he was deprived of an opportunity to complete his college education with attendant loss of educational and employment opportunities which will remain with him throughout his life.

27. Each of the defendants is acted under the color of state law at all times.

## COUNT ONE–DUE PROCESS
### (Against all Defendants)

28. Hess incorporates herein as if fully stated herein the allegations set forth in paragraphs 1 through 27 of this Complaint.

29. The Defendants, while acting under the color of law, deprived Hess of his right to due process under the United States Constitution by suspending him without according him the opportunity to explain why he should not be suspended.

30. The Defendants, while acting under the color of law, deprived Hess of his right to due process under the United States Constitution by conducting a hearing that was fundamentally unfair in that a severe punishment was imposed without substantial evidence supporting the punishment.

31. The Defendants, while acting under the color of law, deprived Hess of his right to due process under the United States Constitution by conducting a hearing which was conducted by Trisler who was not a neutral hearing officer.

32. The Defendants, while acting under the color of law, deprived Hess of his right to due process under the United States Constitution in that Trisler was permitted to make recommendations as to Hess's guilt or innocence and as to the severity of his punishment although he had prejudged Hess, was biased toward Hess, which resulted in a hearing being presided over by an officer who was not neutral.

33. The decision to suspend Hess was made in bad faith.

34. The decision to expell Hess was imposed in bad faith.

35. Based on information sufficient to form a belief Hess alleges that at the time that

Trisler and Sermesheim decided to suspend Hess, resulting in his inability to take his final examinations, Trisler and Sermersheim knew that Hess had a right to a predetermination hearing prior to his suspension or that Trisler and Sermersheim acted in reckless disregard to Hess is right to receive a predetermination hearing.

36. At the time that Cheng decided to expel Hess from SIU, Cheng knew that there was not substantial evidence upon which to base the expulsion and that Hess had been suspended without the benefit of a predetermination hearing.

37. Because the law is clearly established in an in this area, and because Defendants had (and have) fair warning that expelling and suspending a student from a public university without according that student a fair and open hearing prior to his suspension and prior to the decision to expel Hess, Defendants are individually liable for violating Hess's rights protected by the Fourteenth Amendment of the Constitution

## COUNT TWO –BREACH OF CONTRACT
### (Against SIU Board of Trustees)

38. Hess incorporates herein as if fully stated in his herein the allegations set forth in paragraphs 1 through 37 of his complaint.

39. SIU has a contract with each of its students.

40. By conducting the disciplinary proceeding at issue in this case in the manner that it did, SIU contravened Hess's rights pursuant to the United States Constitution.

41. As a result, the Defendant Board of Trustees, breached that contract, causing Hess to suffer damages.

## COUNT THREE–BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### (Against all defendants)

42. Hess incorporates herein as if fully stated herein the allegations set forth in paragraphs 1 and 41 of this complaint.

43. There is implied in each and every contract made in the State of Illinois a duty to act in good faith and fair dealing.

44. By engaging in the disciplinary proceedings at issue in this case and by conducting them in a manner that deprived Hess of his federal constitutional rights to due process, the Defendants breached of that duty.

45. As a result of that breach, Hess has suffered damages.

## COUNT FOUR–PUNITIVE DAMAGES
### (Against Sermersheim, Trisler, and Cheng)

46. Hess incorporates herein as if fully stated herein the allegations set forth in paragraphs 1 through 37 of this complaint.

47. The deliberate conduct of the defendants Trisler and Chang was so outrageous that malice toward Hess can and should be implied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nicholas Hess, respectfully requests that this Honorable Court issue judgment in his favor on all applicable Counts in this Complaint, and grant Plaintiff an award that fully compensates him for all damages proximately suffered because of the Defendants' illegal and unjust practices in an amount in excess of $1,500,000.00 (one million five hundred thousand dollars), including:

(i) an order compelling the Defendants to cease and desist in their misconduct towards

Plaintiff and other similarly situated students, and requiring Defendants to abide by the requirements of due process of law as set forth in the Fourteenth Amendment to the United States Constitution;

(iv) compensatory, incidental, consequential and liquidated damages, and all other equitable and monetary relief as justice requires against Defendants jointly and severally;

(v) punitive damages to be determined by the Court and to the extent permitted by law;

(vi) other equitable relief, including, 1) readmission to the University, with the further requirement that he be permitted to take his final examinations and complete his course work;

(vii) compensation for pain, suffering, and loss of reputation;

(viii) attorney's fees, costs, and expenses, including expert witness fees against Defendants jointly and severally;

(ix) prejudgment interest at the prevailing interest rate provided for by law and

(x) any further relief permitted by law and such other forms of relief that this Court, deems just and proper.

**Hess hereby demands a jury trial.**


Dated: June 26, 2014 /s/ Darrell Dunham
Darrell Dunham
Attorney for Plaintiff
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
618-549-9805 Fax

# SIU CARBONDALE — SOUTHERN ILLINOIS UNIVERSITY
## STUDENT RIGHTS AND RESPONSIBILITIES
## Notice of Interim Action

Office of the Dean of Students
Anthony Hall, 106
Mailcode 4308
1265 Lincoln Drive
Carbondale, IL 62901
(618) 453-1383

Student Rights and Responsibilities
Woody Hall, A302
Mailcode 4178
900 S. Normal Avenue
Carbondale, IL 62901
(618) 536-2338

[X] Interim Suspension from All University Property and Events

[ ] Interim Order of No Contact with: _____

[ ] Interim Restriction from: _____

## Student Information

First Name: NICHOLAS         Last Name: HESS
Student ID: 850942570        Address: 1324 RITCHEY DR
                                      MARION, IL 62959

## Incident Information

Date: 12/4/13      Agency: Williamson County Sherriff      Report #: _____

Alleged Incident: STUDENT IS ALLEGED TO HAVE STABBED AN INDIVIDUAL Several TIMES IN THE COURSE OF A BAR FIGHT.

A letter detailing the specific policies alleged to have been violated will be sent to your @siu.edu email address.

## Hearing Information

Hearing will take place in ~~A302 Woody Hall~~ STUDENT SERVICES 4/9>

Hearing Scheduled: [X] Yes  [X] No     Case Number: _____-_____-20_____

Date/Time of Hearing: ___/___/___ at ___:___ AM / PM

**EXHIBIT A**

## Issuing Authority

Issued By: **Katherine L. Sermersheim Ph.D, Interim Dean of Students**

Signature: /s/ Katherine Sermersheim            Date: 12/11/13

# SIU SOUTHERN ILLINOIS UNIVERSITY
## STUDENT RIGHTS AND RESPONSIBILITIES — CARBONDALE
## Notice of Interim Action

### Your Right to Appeal This Interim Action

Should you wish to appeal this interim action, you may request an interim appeal hearing by submitting this request, in writing, to the Dean of Students at DeanOfStudents@siu.edu or in writing to the address listed on the front of this document. The Dean of Students will schedule a meeting within two days of the date of the request. Please review Article 3.4 of the Student Conduct Code for information about this meeting. If you have been Interim Suspended, you must contact the Department of Public Safety at 618-453-3771 to arrange an escort to campus for any reason, including to submit a written request or to attend an interim appeal hearing.

### Interim Suspension from All University Property and Events

You have been ordered to refrain from being present on any property which is owned, operated, leased or otherwise controlled by Southern Illinois University, including any events or activities sponsored by the University until this Interim Suspension is lifted by the Dean of Students or through the Student Conduct Process. Failure to comply with this directive will result in further charges, including Article 2.8.1. – Failure to Comply with Interim Actions, which may result in Suspension or Expulsion from the University. In addition, you may be arrested and charged with Trespassing. Please review Article 3 of the Student Conduct Code for more information regarding your rights and the procedures which govern interim actions. If you have any questions, please contact Student Rights and Responsibilities at (618) 536-2338.

### Interim Order of No Contact

You are to refrain from contacting the person listed. Contact includes, but is not limited to, any direct physical interaction, any form of verbal or non-verbal communication, communication directed through another person or entity, communication through electronic means such as telephone, cell phone, e-mail, text message, direct or indirect computer messages, or posting messages on Facebook, Twitter or similar sites that are directed toward or about the named person. Failure to comply with this directive will result in further charges, including Article 2.8.1. – Failure to Comply with Interim Actions, which may result in Suspension or Expulsion from the University. Please review Article 3 of the Student Conduct Code for more information regarding your rights and the procedures which govern interim actions. If you have any questions, please contact Student Rights and Responsibilities at (618) 536-2338.

### Interim Restriction

If you are restricted from a specific location, class or event, failure to comply with this directive may result in your being arrested and charged with Trespassing. If you are restricted from a certain action or behavior, continuation of the restricted action or behavior may result in the enactment of an interim suspension from all university property. Failure to comply with this directive will result in further charges, including Article 2.8.1. – Failure to Comply with Interim Actions, which may result in Suspension or Expulsion from the University. Please review Article 3 of the Student Conduct Code for more information regarding your rights and the procedures which govern interim actions. If you have any questions, please contact Student Rights and Responsibilities at (618) 536-2338.

**SIU** Southern Illinois University
CARBONDALE

OFFICE OF THE CHANCELLOR
ANTHONY HALL 116
MAIL CODE 4304
1265 LINCOLN DRIVE
CARBONDALE, ILLINOIS 62901

618/453-2341
618/453-5362 FAX

February 6, 2014

Nicholas M. Hess
1324 Ritchey Drive
Marion, IL 62959

Dear Mr. Hess:

I am in receipt of your appeal of the decision of Student Rights and Responsibilities ("SRR") (#02368-001-2013) made on January 21, 2014, arising out of an occurrence on November 28, 2013, in which you were found responsible for the following charges:

2.3. Offenses Related to Person/2.3.1. Acts of Violence/2.3.1.1. Intentional Negligent or Attempted Homicide
2.3. Offenses Related to persons/2.3.1. Acts of Violence/2.3.1.2. Physical Assault or Abuse
2.3. Offenses Related to Persons/2.3.1. Acts of Violence/2.3.1.4. Violent Behavior
2.3. Offenses Related to persons/2.3.6. Fighting/2.3.6.2. Group Actions
2.3. Offenses Related to persons/2.3.7. Reckless Disregard
2.4. Offenses Related to Property/2.4.3. Reckless Conduct Presenting a Danger to Property
2.5. Offenses Related to Health, Welfare, or Safety/2.5.5. Disorderly Conduct

The Advisory Review Board has reviewed your Application for Appeal which you filed on the grounds of procedural error, no evidence to support the finding, new evidence unavailable at hearing, and sanctions imposed are excessive. In addition, it is my understanding that you are requesting a stay of appeal. The Advisory Review Board has determined that your appeal lacks merit and that the initial determination should stand. The committee agreed that no procedural error occurred. Specifically to your claim that your criminal proceedings impeded your ability to property defend yourself via the student conduct process, the Student Code of Conduct Article 1.5.3. states, "The disciplinary process will not be delayed pending the outcome of any legal proceedings," with the understanding that the University disciplinary process operates independent of the legal judicial system. The committee agreed that the evidence provided in your file was appropriate for the level of sanction you received, and that your appeal provided no indication that newly found evidence was discovered that would have affected the outcome of your original sanction. Finally, given the severity of your actions and regardless of criminal proceedings the committee felt that the sanction of Disciplinary Expulsion is appropriate.

I agree with the recommendation of the Advisory Review Board and the sanction of Disciplinary Expulsion shall stand. My decision is final. This means that there is no other avenue for appeal.



SIU.EDU

As a result of your expulsion, you are not allowed on any property owned and/or controlled by Southern Illinois University. You are also prohibited from participating in university-sponsored activities.

Sincerely,

Rita Cheng
Chancellor

c:  Chad Trisler
    Reona Daly